## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) AMANDA DILBECK | ) |
| | ) |
| vs. | )    Civil Action No. 21-cv-00403-GKF-JFJ |
| | ) |
| (1) INSTANT BRANDS INC. | ) |

### PLAINTIFF'S ORIGINAL COMPLAINT

### NATURE OF THE CASE

1. This is a products liability and negligence suit based on the explosion of—and resulting severe burn injuries from—a Instant Pot pressure cooker that, due to its defective condition, was prone to burst and spew its scalding contents. This suit is also based on misstatements and omissions that Instant Brands Inc. (Instant Brands) makes about the quality and safety of its pressure cookers.

2. Defendant Instant Brands designs, manufactures, markets, imports, distributes, and sells a wide range of consumer kitchen products, including the subject Instant Pot Duo pressure cooker.

3. Instant Brands advertises the "safety" of its pressure cookers and states that they cannot be opened while in use. Despite Defendant's claims of "safety," it made and sold pressure cookers that suffer from serious and dangerous defects.

4. During ordinary and routine operation, the Instant Pot generates extreme heat and steam. When the defect manifests itself, the built-up pressure and steam trapped inside the Instant Pot cause its scalding hot contents to burst and erupt from the appliance when the lid is opened by the consumer, resulting in significant and painful burn injuries.

5. Instant Brands knew or should have known of these defects but has nevertheless put profit ahead of safety by continuing to sell these devices to consumers, failing to warn consumers of the

serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Amanda Dilbeck and others like her.

## PLAINTIFF AMANDA DILBECK

6. Plaintiff Amanda Dilbeck is a resident and citizen of Mayes County, Oklahoma.

7. Ms. Dilbeck purchased a new Instant Pot electric pressure cooker, model Duo 80 V2, from her local Walmart store in Pryor, Mayes County, Oklahoma (the "Instant Pot").

8. On or about February 14, 2021, Ms. Dilbeck was cooking with the Instant Pot under normal operating conditions as directed by the manufacturer.

9. Unbeknownst to Ms. Dilbeck, as a result of the defects, the Instant Pot still retained a dangerous amount of pressure inside. Despite Instant Brands' purported built-in safety features, Ms. Dilbeck was able to easily remove the lid. When she did so, the Instant Pot's hot contents exploded out of the pot, scalding and scarring her face, neck, and chest.

10. The ability to easily open the lid when significant pressure still remained, and the presence of all signs indicating the internal pressure had been eliminated, is a dangerous defect in the Instant Pot and one that is contrary to Defendant's representations.

11. The explosion occurred as a result of the failure of the Instant Pot's supposed "safety mechanisms," which purport to keep the consumer safe while using the Instant Pot. In addition, the incident occurred as the result of Instant Brands' failure to redesign the Instant Pot, despite the existence of economical, safer alternative designs.

12. The Instant Pot's failure and the resulting injuries occurred at Ms. Dilbeck's home in Choteau, Mayes County, Oklahoma.

13. As a direct and proximate result of Instant Brands' conduct, Ms. Dilbeck incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

## DEFENDANT INSTANT BRANDS INC.

14. Instant Brands designs, manufactures, markets, imports, distributes, and sells a variety of consumer kitchen products including pressure cookers, air fryers, and blenders.

15. Instant Brands advertises that "[t]he Instant Pot line of products are truly tools for a new lifestyle and especially cater to the needs of health-minded individuals" with its "main goal" to provide "best kitchen experience."

16. Instant Brands is a corporation organized under the laws of Canada.

17. Instant Brands has its headquarters and principal place of business at 495 March Road, Suite 200, Kanata, ON, Canada K2K 3G1.

18. Instant Brands does business in Oklahoma, including by selling its Instant Pot line of products to distributors and retailers in Oklahoma.

19. Instant Brands sells its Instant Pot line of products to Walmart, knowing that those products will be sold at Walmart locations in Oklahoma.

## JURISDICTION AND VENUE

20. Plaintiff is a citizen of Oklahoma, and Defendant is a citizen of Canada.

21. This Court has diversity jurisdiction over this case under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

22. Instant Brands has sufficient minimum contacts with the Oklahoma and has intentionally availed itself of the markets within Oklahoma through the promotion, sale, marketing, and distribution of its products.

23. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because all or a substantial part of the events or omissions giving rise to this claim occurred in Mayes County, Oklahoma.

## FACTUAL BACKGROUND

24. Instant Brands is in the business of designing, manufacturing, warranting, marketing, importing, distributing, and selling Instant Pot pressure cookers.

25. Because of the production of high heat and pressure, pressure cookers can cause serious injuries, including burns, if they or any of their components (such as seals, gaskets, controls, and valves, etc.) are defectively designed, manufactured or assembled.

26. Pressure cookers can be extremely dangerous, and one of the biggest dangers is that they can explode or burst open.

27. Defendant warrants, markets, advertises and sells its pressure cookers as "Convenient, Dependable and Safe."

28. For example, Instant Brands makes the following statements on its YouTube channel:

   a. "The first thing you need to know about your IP-DUO is that *you don't need to be afraid of it*, as many people are afraid of stovetop pressure cookers."

   b. "With 10 safety features built in, you can use your Instant Pot with confidence, *knowing that it is not going to explode*."

   c. "In addition, keep in mind that your Instant Pot *operates at relatively low pressures* of 11 to 12 psi or lower, depending on the pressure setting that you use."

29. In a video entitled "Introducing Instant Pot IP-DUO series electric pressure cooker," Instant Brands spokesperson Laura Pazzaglia states that "once the lid is locked, and the contents are under pressure, there's no way to open the pressure cooker."

30. The Owner's Manual for Plaintiff's Instant Pot also states that "[a]s a safety feature, the lid is locked and won't open until the float valve drops down."

31. Ms. Dilbeck purchased the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

32. Ms. Dilbeck used her pressure cooker for its intended purpose of preparing meals and did so in a manner that was reasonable and foreseeable by Instant Brands.

33. However, the Instant Pot was defectively and negligently designed and manufactured by Instant Brands in that it failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product.

34. The Instant Pot was defective in that certain of its components do not operate as designed, its design does not include appropriate safety features and safeguards, and instructions and/or warnings accompanying it were not adequate.

35. The defects include, without limitation, a faulty release valve that inaccurately indicates when the built-up pressure has safely escaped the Instant Pot. The defects are also related to a faulty gasket that allows the lid to open despite the presence of dangerous built-up pressure.

36. The defects are also related to the lack of an adequate mechanism to ensure the alleged "built-in" pressure relief and safety features work under real-world operating conditions.

37.     The defects, which allows users to open the Instant Pot while it still contains dangerous pressure, demonstrates the ineffectiveness of the devices that Instant Brands tout as built-in safety features of the Instant Pot.

38.     Economic, safer alternative designs were available that could have prevented the Instant Pot's lid from being opened while pressurized.

39.     Instant Brands knew or should have known that its pressure cookers possessed defects that pose a serious safety risk to Ms. Dilbeck and the public.

40.     Ms. Dilbeck's experience with the Instant Pot was not isolated.

41.     Other consumers reported similar horrific experiences as Ms. Dilbeck, including another consumer who reported that her Instant Pot "exploded on me," with "hot grease, water and steam covering my right hand, arm and abdomen," resulting in second-degree burns and an ER visit.

42.     Screenshots of complaints on Amazon's website under the product review tab for the Instant Pot Duo reveal many other similarly dangerous incidents:



★☆☆☆☆ **Exploding** Instant Pot!
Reviewed in the United States on January 19, 2020
Size: 3-QT | Style: Duo | Pattern Name: Pressure Cooker | Verified Purchase

I've had my instant post for a little over a year. And have loved it. I use it on average 3 times a month. A couple of days ago while cooking rice it - for want of a better word- **exploded**. Fortunately no one was hurt by the cloud of steam or flying rice, but that was more luck than anything. I'm reluctant to use it again as it's clearly not safe. Images attached.



One person found this helpful

Helpful | Report abuse

Xi Jin

★☆☆☆☆ Instant Pot - **exploded**!
Reviewed in the United States on October 26, 2019
Size: 3-QT | Style: Duo | Pattern Name: Pressure Cooker | Verified Purchase

I brought this 3Qt Instant Pot, 11 months ago. It worked well, and I used it twice a week. That is until yesterday, when making the oatmeal for breakfast as I normally do, the pot **exploded** loudly and violently for a few sections and and all the liquid splattered all over. Users be aware!

Helpful | Report abuse

Amazon Customer

★☆☆☆☆ **Exploded** on me!
Reviewed in the United States on September 2, 2020
Size: 6-QT | Style: Duo | Pattern Name: Pressure Cooker | Verified Purchase

I liked using this pot, until one day it just started venting (even with the knob on "seal"), then the water under pressure suddenly shot out in all directions and missed burning me by in inch. The lid was still in place, but the release was so strong the hot water went everywhere.

Helpful | Report abuse

C. Morse

★☆☆☆☆ Great until it's not.
Reviewed in the United States on January 31, 2020
Size: 6-QT | Style: Duo | Pattern Name: Pressure Cooker | Verified Purchase

Loved it forever until it starting venting on "sealed" And **exploded** chicken soup all over my kitchen and my daughter. Thankfully no one was permanently injured. But my daughter had to dive out of the way when it erupted. And there's still chicken soup on the ceiling.

Helpful | Report abuse

Jackie

★☆☆☆☆ I'm Scared Of My Insta-Pot!
Reviewed in the United States on December 23, 2015
Size: 6-QT | Style: Duo | Pattern Name: Pressure Cooker | Verified Purchase

Arrived July 5th, 2015...Merry Almost Christmas to all, 12/23/15 my Insta-pot is malfunctioning. Doesn't stay pressurized. Starts to rapidly "steam out" loudly. Once recently semi-**exploded**! I'm now scared of the Insta-pot and regret not reading the lower scored reviews.

79 people found this helpful

 Susanna

★☆☆☆☆ **Unsafe!!**
Reviewed in the United States on April 5, 2019
Size: 3-QT | Style: Duo | Pattern Name: Pressure Cooker

Only used this thing for a couple months. Tried to make oatmeal this morning and it exploded! Oats and goo everywhere. EVERYWHERE! Don't buy this thing. Even if you follow the directions it is unsafe and will explode.

2 people found this helpful

[Helpful]   |   Report abuse

 Lucas

★☆☆☆☆ **Multiple explosions (3qt duo)**
Reviewed in the United States on March 19, 2020
Size: 3-QT | Style: Duo | Pattern Name: Pressure Cooker | Verified Purchase

This thing is supposed to not explode. Well, guess what--it does. I think this thing has exploded about 20 times on us and it's going in the garbage bin before someone gets hurt. I thought it was because there was a small dent in the rim of the stainless steel bowl but I replaced that and I'm still having issues (though not as many so replace your insert if it gets dented.

What does "explode" mean? Well, it means a sudden escape of steam and contents that make a serious mess and, if someone were unlucky, a trip to the ER. In this case, you can tell when it's having issues because steam starts escaping around the outer edges of the lid and the float won't seal but, if you've left it unattended, you might come back to find an unholy mess on your counter and cabinets.

I have a bottom of the line regular size one that has given us no issues but I would advise against this small Duo model.

 Jay Kim

★☆☆☆☆ **It exploded**
Reviewed in Canada on May 20, 2020
Size: 3-QT | Style: Duo | Pattern Name: Pressure Cooker | Verified Purchase

Bought this in Dec 2018 and today it exploded on me. The top popped off and made a loud sound and water was spraying out from the spout. I was just cooking 1 cup of basmati rice with 1 cup of water.

2 people found this helpful

 Amber Bullis

★☆☆☆☆ **Blew up on me**
Reviewed in the United States on April 20, 2021
Size: 6-QT | Style: Duo | Pattern Name: Pressure Cooker | Verified Purchase

This literally blew up on me. I have used pressure coolers for years and never has this happened. Burnt my arms. Luckily I jumped quick when it exploded and it missed my face. It has ruined pressure cookers for me. I am too scared to use one again. I loved them. I emailed instant pot and yet to hear back. Hopefully they care if their customers are injured due to their faulty products.



 Amazon Customer

★☆☆☆☆ **The pot exploded!**
Reviewed in the United States on November 21, 2020
Size: 3-QT | Style: Duo | Pattern Name: Pressure Cooker | Verified Purchase

Even thought I follow all safety step, the pot explode after one year. It was terrifying and messing.



2 people found this helpful

 Ben Guo

★☆☆☆☆ **Not safe**
Reviewed in the United States on May 8, 2019
Size: 6-QT | Style: Duo | Pattern Name: Pressure Cooker | Verified Purchase

Exploded twice, not safe for use

8

43. As a direct and proximate result of these defects, Ms. Dilbeck suffered significant and painful bodily injuries upon her simple removal of the lid of the Instant Pot.

44. Consequently, Ms. Dilbeck seeks damages resulting from the use and explosion of the Instant Pot, which has caused Ms. Dilbeck to suffer from serious bodily injuries, medical expenses, lost wages, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CAUSES OF ACTION

### COUNT I
### STRICT PRODUCTS LIABILITY

45. Plaintiff incorporates by reference each and all of the allegations contained in the preceding paragraphs as though fully set forth herein.

46. The Instant Pot that Plaintiff was using was designed, manufactured, marketed and sold by Instant Brands.

47. Instant Brands is in the business of designing, manufacturing, marketing, and selling Instant Pot pressure cookers.

48. The Instant Pot was unreasonably and dangerously defective in its design, manufacture, and marketing.

49. The Instant Pot's safety systems were defectively designed and manufactured, and such defects rendered the Instant Pot unreasonably dangerous beyond that which would be contemplated by the ordinary user or consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics.

50. The Instant Pot was in the same or substantially similar condition as when it left the possession of Instant Brands.

51. There were safer alternative designs for the Instant Pot other than those which caused Plaintiff's injuries and damages as set forth herein. The safer alternative designs would have either

prevented or significantly reduced the risk of serious and catastrophic injury without substantially impairing the Instant Pot's utility, and the safer alternative designs were economically and technologically feasible at all times relevant.

52. The Instant Pot was defective as marketed in that Instant Brands failed to adequately warn of the dangerous conditions of the Instant Pot as described more fully herein.

53. An ordinary consumer or user with knowledge common to the community and to those who were foreseeably expected to use the Instant Pot would not contemplated that it would contain such a dangerous defect.

54. The design of the Instant Pot was defective and unreasonably dangerous in at least the following, non-exclusive ways:

    a. During ordinary and routine operation, the Instant Pot generates extreme heat and steam, and built-up pressure and steam trapped inside the Instant Pot cause its scalding hot contents to burst and erupt from the appliance when the lid is opened by the consumer, resulting in significant and painful burn injuries;

    b. The Instant Pot failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product;

    c. Certain of its components do not operate as designed, its design does not include appropriate safety features and safeguards, and instructions and/or warnings accompanying it were not adequate;

    d. A faulty release valve inaccurately indicates when the built-up pressure has safely escaped the Instant Pot;

    e. A faulty gasket allows the lid to open despite the presence of dangerous built-up pressure;

    f. There is no adequate mechanism to ensure the alleged "built-in" pressure relief and safety features work under real-world operating conditions;

    g. The Instant Pot was improperly and inadequately tested by Defendant; and

    h. The Instant Pot was not safe for use during ordinary, foreseeable operation.

55. Instant Brands knew or should have known of a potential risk of harm presented by the defective design of the supplemental restraint system, but marketed the product with the design and marketing defects. The Instant Pot posed an unreasonable risk of harm for the forseeable use. Instant Brands knew or should have reasonably foreseen the risk of harm at the time the product was sold and that the product possessed a marketing defect.

56. The Instant Pot was also improperly and inadequately tested by Instant Brands for safety.

57. Plaintiff further claims, in the alternative, that a manufacturing defect was a producing cause of her personal injuries. As further support for Plaintiff's manufacturing defect claims, Plaintiff provides notice of intention to rely upon the Malfunction Doctrine as set forth in RESTATEMENT (THIRD) OF TORTS: PRODUCT LIABILITY § 3 (1998).

58. In this instance, it may be inferred that the severe injuries sustained by Plaintiff were caused by a product defect existing at the time of sale or distribution, without proof of a specific defect, because the injuries suffered by Plaintiff: (a) were of the kind that ordinarily occur as a result of a product defect; and (b) were not, in the particular case, solely the result of causes other than the product defect existing at the time of the sale or distribution. RESTATEMENT (THIRD) OF TORTS: PRODUCTS LIABILITY § 3 (1998).

59. Instant Brands' defective and/or negligent design, testing, manufacturing, and marketing of the Instant Pot were a proximate and producing cause of Plaintiff's injuries and damages, thus rendering Instant Brands strictly liable.

60. Plaintiff further seeks punitive damages because the injury is attributable to conduct that reflects a reckless disregard for the public safety. Specifically, 1) Instant Brands was aware of the defect and the likelihood that the injury would result from it; 2) Instant Brands could either remedy

the defect or prevent the injury caused by it; and 3) notwithstanding the above, Instant Brands deliberately failed to take action to remedy the defect or prevent the injury.

## COUNT II
## NEGLIGENCE

61. Plaintiff incorporates by reference each and all of the allegations contained in the preceding paragraphs as though fully set forth herein.

62. Instant Brands has a duty of reasonable care to design, manufacture, market, and sell non-defective pressure cookers that are reasonably safe for their intended uses by consumers.

63. Instant Brands failed to exercise reasonable care in designing, developing, manufacturing, inspecting, testing, selling, distributing, labeling, marketing, and promoting its pressure cookers, which were defective and presented an unreasonable risk of harm to consumers.

64. The negligence of Instant Brands, including its employees, managers and executives in the course and scope of their employment includes, but is not limited to, the following acts and/or omissions regarding the Instant Pot:

   a. Failing to use due care in designing and manufacturing the Instant Pot to avoid the aforementioned risks to individuals;

   b. Placing an unsafe product into the stream of commerce;

   c. Failing to warn consumers of the dangerous condition of the Instant Pot as described more fully herein;

   d. Failing to provide the users with a safety system that is adequate to provide protection and injury prevention during ordinary and foreseeable use;

   e. Failing to properly and adequately perform tests to assess the performance and effectiveness of the Instant Pot's alleged safety features;

   f. Choosing to disregard and ignore generally accepted principles of hazard control ("design, guard and warn") as well as its obligation to hold the safety of the public paramount; and

   g. Being otherwise careless or negligent.

65. Plaintiff suffered and continues to suffer injuries and damages because of Instant Brands' negligent acts and omissions.

66. Each of the above negligent acts and omissions of Instant Brands, whether taken singularly or in combination, were a direct, proximate, and producing cause of the injuries to Plaintiff and Plaintiff's damages. Due to Instant Brands' wrongful acts, carelessness, unskillfulness, and negligence Instant Brands should be held liable for Plaintiff's injuries and damages.

67. The conduct of Instant Brands was in reckless disregard of Plaintiff's rights because Instant Brands was either aware, or did not care, that there was a substantial and unnecessary risk that its conduct would cause serious injury to others. Instant Brands' conduct was unreasonable under the circumstances, and there was a high probability that the conduct would cause serious harm to another person. As such, Plaintiff further seeks punitive damages.

68. Instant Brands is vicariously liable for the negligent acts and omissions, jointly and severally, by and through its agents, servants, and/or employees, acting in the course and scope of their respective employment, individually and/or collectively.

**COUNT III**
**BREACH OF IMPLIED WARRANTY**
**OF FITNESS FOR A PARTICULAR PURPOSE**

69. Plaintiff incorporates by reference each and all of the allegations contained in the preceding paragraphs as though fully set forth herein.

70. Instant Brands manufactured, supplied, and sold its pressure cookers with an implied warranty that they were fit for the particular purpose of cooking quickly, efficiently and safely.

71. Members of the consuming public, including consumers such as the Plaintiff, were the intended third-party beneficiaries of the warranty.

72. Instant Brands' pressure cookers were not fit for the particular purpose as a safe means of cooking, due to the unreasonable risks of bodily injury associated with their use.

73. Plaintiff reasonably relied on Instant Brands' representations that its pressure cookers were a quick, effective and safe means of cooking

74. Instant Brands' breach of the implied warranty of fitness for a particular purpose was a direct and proximate cause of Plaintiff's injuries and damages.

## COUNT IV
## BREACH OF IMPLIED WARRANTY
## OF MERCHANTABILITY

75. Plaintiff incorporates by reference each and all of the allegations contained in the preceding paragraphs as though fully set forth herein.

76. At the time Instant Brands marketed, distributed and sold its pressure cookers to Plaintiff, Instant Brands warranted that its pressure cookers were merchantable and fit for the ordinary purposes for which they were intended.

77. Members of the consuming public, including consumers such as the Plaintiff, were intended third-party beneficiaries of the warranty.

78. Instant Brands' pressure cookers were not merchantable and fit for its ordinary purpose, because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

79. Plaintiff purchased her pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that they were safe for its intended, foreseeable use of cooking.

80. Instant Brands' breach of implied warranty of merchantability was the direct and proximate cause of Plaintiff's injury and damages.

## DAMAGES

81. Plaintiff incorporates by reference each and all of the allegations contained in the preceding paragraphs as though fully set forth herein.

82. As a result of the negligence of the Defendant, Plaintiff suffered injuries and damages in excess of $75,000.00 as follows:

   a. Past medical expenses;

   b. Future medical expenses;

   c. Past physical pain and suffering;

   d. Future physical pain and suffering;

   e. Past mental pain and suffering;

   f. Future mental pain and suffering;

   g. Past lost wages;

   h. Future lost wages;

   i. Loss of earning capacity;

   j. Permanent impairment;

   k. Disfigurement;

   l. Other damages to be more fully set forth after discovery is completed.

83. Plaintiff is entitled to recover pre-judgment interest in accordance with law and equity as part of their damages herein, and Plaintiff here and now sues for recovery of pre-judgment interest.

## JURY DEMAND

84. Plaintiff respectfully requests and demands a trial by jury on all claims and issues.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final trial, Plaintiff recover actual, compensatory, and punitive damages, as specified above, from the Defendant; that Plaintiff recovers costs of Court herein expended; that Plaintiff recover the interest, both pre-judgment and post-judgment, to which Plaintiff is entitled under the law; and for such other and further relief, both general and special, legal and equitable, to which Plaintiff may be justly entitled.

Respectfully submitted,

**CARR & CARR ATTORNEYS**

*/s/ Michael Carr*
Michael E. Carr, OBA #22520
4416 South Harvard Ave.
Tulsa, Oklahoma 74135
Telephone: (918) 747-1000
Facsimile: (918) 747-7284
E-mail: mcarr@carrcarr.com

**THE AMMONS LAW FIRM, LLP**

Robert E. Ammons
Texas Bar No. 01159820 (*pro hac vice to be filed*)
Adam Milasincic
Texas Bar No. 24079001 (*pro hac vice to be filed*)
3700 Montrose Blvd.
Houston, Texas 77006
Telephone: (713) 523-1606
Facsimile: (713) 523-4159
E-mail: rob@ammonslaw.com
E-mail: adam@ammonslaw.com
E-mail: melanie@ammonslaw.com

**ATTORNEYS FOR PLAINTIFF**